UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    Criminal No. 10-322 (JNE/AJB)
                                                                     ORDER
MARLON TERRELL COLLINS,

      Defendant.

      This matter is before the Court upon motion by *pro se* Defendant Marlon Collins.  In 1993, Collins pled guilty in federal court to possession with intent to distribute cocaine base ("crack") and carrying a firearm in relation to a drug trafficking crime.  He was sentenced to a prison term of 60 months and 4 years supervised release.  Case No. 3:92-CR-138 (RHK).  He was released from prison in 1997, and in 1998, during his term of supervised release, Collins pled guilty to aiding and abetting possession with intent to distribute cocaine base ("crack").  For that crime, he was sentenced to 136 months' imprisonment and 5 years supervised release.  Case No. 98-CR-14(1) (RHK/JMM).  Collins was released from prison in 2007.  On April 13, 2011, while still under supervised release, Collins pled guilty to conspiracy to distribute 500 grams or more of cocaine powder (not cocaine base, or "crack") and 8 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  Based on Collins' 1993 and 1998 convictions the Presentence Report determined—and the Court agreed—that Collins was a career offender with a criminal history category VI, making the appropriate guideline range 262-327 months imprisonment; Collins was also subject to a 10-year mandatory minimum sentence.[1]  On August

---

[1]    Collins seems to believe that he was subject to a 20-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B).  His enhanced sentence, however, was not due to the operation of a heightened statutory mandatory minimum; his sentence was enhanced because he was a career offender with a criminal history category VI.

12, 2011, Collins was sentenced to a prison term of 264 months, which he is currently serving. He was also sentenced to a concurrent prison term of 46 months for violating the terms of his supervised release.

On April 30, 2012, Collins filed a motion entitled "Judicial Notice and Application for Relief Pursuant to Changes in Law (FSA of 2010) & Consolidated Request for Appointment of Standby Counsel to Aid at Any Hearing(s) All on Joint Authority of 18 U.S.C. § 3582(c)(2)/ § 3582(c)(1)(B), 28 U.S.C. § 1361, Hazel Atlas FRCP 60(d)(1)/60(b)(4), & 28 U.S.C. § 2072(b)." Collins included a civil cover sheet and a cover letter indicating that he was "seeking relief from illegal and discrimination laden proceedings and continuing prejudicial effects it has been admitted." The Clerk's Office filed the motion as a motion for a sentence modification pursuant to 18 U.S.C. § 3582(c), and the United States responded to the motion as such. Collins claims in his reply brief, however, that the Clerk misfiled his motion and he did not intend to file a § 3582(c) motion.

The government argues—and Collins acknowledges—that Collins' current sentence for cocaine powder and marijuana was based on a sentencing range that was not affected either by the Fair Sentencing Act of 2010 ("FSA") or by subsequent amendments to the sentencing guidelines. The 2011 conviction did not involve crack cocaine and there has been no change in the sentencing guidelines applicable in that case. Thus, Collins is not entitled to a sentence modification under 18 U.S.C. § 3582(c)(2). Neither is he entitled to a reduction in the term of imprisonment imposed upon revocation of his supervised release. *See* U.S.S.C. § 1B1.10 app. note 5(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.").

2

Collins asserts that he is not trying to obtain a reduction in his current sentence.  Instead, he seeks modification or vacation of his already executed 1993 and 1998 sentences.  He asserts that those sentences were discriminatory, illegal, and thus "void."  He relies on the FSA, in which Congress recognized the disparity between crack cocaine and cocaine powder-related offenses.  He contends that because he was convicted and sentenced in 1993 and 1998 for crack cocaine offenses, his convictions and sentences imposed prior to the enactment of the FSA amounted to an unconstitutional violation of his civil rights and are therefore illegal and not "final."  Because he believes that those convictions and sentences are not yet "final," he asserts that he can challenge those sentences pursuant to the FSA, presumably because they affected his 2011 sentence.

In his request for relief, Collins asks the Court, among other things, to reopen his 1993 and 1998 cases, find his convictions and sentences in those cases "not yet final," and vacate the convictions, sentences, and supervised release terms.  His argument appears to be this: without the prior convictions, Collins would not be a career offender.  If not for his career offender status, Collins' guideline range for his most recent criminal offense would be lower.  With a lower guideline range, Collins' current sentence might have been lower.  He also argues that without his 1998 conviction and sentence, he would not have been under supervised release when he committed and pled guilty to his current criminal offense.  He contends that he continues to suffer from the effects of his allegedly illegal prior convictions and sentences, seemingly because of the effect those convictions and sentences had on the imposition of his 2011 sentence.  These arguments essentially amount to a request to modify—i.e., lower—his current sentence.

Collins cites no authority for the proposition that the Court can or should reopen the 1993 and 1998 criminal cases.  Collins pled guilty to those offenses and served his time before he committed and pled guilty to the crime for which he is currently serving a sentence.  The FSA, even where it applies, is not retroactive.  Collins is "subject to the penalties in place when he committed his crimes."  *United States v. Neadeau*, 639 F.3d 453, 456 (8th Cir. 2011).  There is no support for Collins' argument that the pre-FSA statutory penalties and sentencing guideline ranges to which he was subjected in 1993 and 1998 were so disparate as to render his sentences for those offenses unconstitutional or the guilty pleas and convictions void.  Collins is not entitled to any of the relief requested pertaining to his 1993 and 1998 convictions.  The present motion, however it is classified, is DENIED.

Dated: June 21, 2012

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge