UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Marlon Terrell Collins,

        Defendant.

No. 10-cr-322 (JNE)
ORDER

---

In 1993, Defendant Marlon Terrell Collins pled guilty in federal district court to possession with intent to distribute crack cocaine and carrying a firearm in relation to a drug trafficking crime. *United States v. Collins*, No. 3:92-cr-138 (1) (RHK). In 1998, while on supervised release for that offense, Collins was again arrested and charged in federal district court for his involvement in the distribution of crack cocaine. In that instance, Collins pled guilty to possession with intent to distribute crack cocaine. *United States v. Collins*, No. 98-cr-14 (1) (RHK).

Upon his release from prison in 2007, Collins began a five-year term of supervised release. Then,

> [i]n September 2010, officials learned that Collins was obtaining narcotics in Arizona and arranging for their shipment with FedEx to Minnesota. Officials placed Collins under surveillance and observed him sending a package to an address in Minnesota. Officials intercepted the package, used a drug-sniffing dog to detect the presence of drugs, and eventually discovered 8.13 kilograms of marijuana and 1.48 kilograms of cocaine inside.

*United States v. Collins*, 546 F. App'x 598, 598 (8th Cir. 2013). Collins was subsequently arrested and indicted in this matter. He pled guilty to conspiracy to distribute cocaine and

1

marijuana, and the Court sentenced him as a career offender to 264 months imprisonment and eight years of supervised release. That sentence was affirmed on appeal. *Id*.

Collins has now filed a motion to vacate or set aside his sentence under 28 U.S.C. § 2255. That statute provides that a federal prisoner "may move the court which imposed [his] sentence to vacate, set aside or correct the sentence" on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Collins asserts that his sentence was imposed in violation of his rights under the Fifth, Sixth, and Eighth Amendments.

A § 2255 movant is entitled to an evidentiary hearing on his claims "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a [motion] can be dismissed without a hearing if (1) the [movant's] allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States,* 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted). *See also Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007).

On that standard, and for the reasons discussed below, Collins' Eighth Amendment claim related to sentence enhancements under 21 U.S.C. § 851 is denied, while his Fifth and Sixth Amendment claims arising from his asserted cooperation with authorities will require an evidentiary hearing to resolve.

I.    **Eighth Amendment and § 851 enhancements.**

First, under the rubric of the Eighth Amendment, Collins takes issue with the sentencing enhancements for recidivist drug offenders that the Government is authorized to seek under 21 U.S.C. § 851.  Relying heavily on *United States v. Young*, 960 F. Supp. 2d 881 (N.D. Iowa Aug. 16, 2013), Collins argues that the unreviewable discretion the statute grants to the Government has created a system in which a defendant may receive an enhanced sentence that is both disproportionate to his crime and disparate from those imposed on similarly-situated drug offenders against whom the Government does not seek a § 851 enhancement.  According to Collins, his sentence in this case was the product of a § 851 enhancement, and as such, he is "the victim" of this "arbitrary" sentencing scheme.

As an initial matter, the role that the Government's § 851 enhancement played in Collins' sentencing should be clarified.  Collins was indicted for conspiracy to distribute marijuana and cocaine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.  Twenty-one U.S.C. § 841(b)(1)(B) specifies that a person convicted of such a crime "shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years," but, if the crime was committed "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ."  Under 21 U.S.C. § 851(a), this increase in the statutory sentencing range may be accomplished only where the Government "files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

The Government did file an Information pursuant to § 851(a), which listed Collins' 1993 and 1998 federal convictions.  Collins did not contest that those convictions constitute "felony

drug offenses" within the meaning of § 841(b)(1)(B).[1]  Accordingly, the mandatory minimum sentence for the conspiracy charge Collins faced was doubled from five to ten years, and the maximum possible sentence was increased from forty years to life.  This enhanced statutory sentencing range was clearly set forth in the plea agreement that Collins entered into, was brought to his attention by the Court before he pled guilty, and was explained in the Presentence Investigation Report to which he did not object.

In any event, the 264-month sentence that Collins received was not dictated by the Government's decision to enhance the statutory sentencing range via its § 851 Information.  Instead, that sentence was driven by the Court's determination that he qualifies as a career offender under § 4B1.1(a) of the United States Sentencing Guidelines because he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense" – namely, the 1993 and 1998 federal convictions for possession with intent to distribute crack cocaine.  Although in this case those two prior offenses were also the subject of the Government's § 851 Information, the Court's finding that those convictions qualify Collins as a career offender was wholly independent of the Government's exercise of its discretion to use them to pursue an enhancement of the statutory sentencing range.  *See United States v. Wallace*, 895 F.2d 487, 490 (8th Cir. 1990) ("There is nothing in the [career offender provisions of the] guidelines that provides that an information must be filed in order to rely upon prior offenses.").  In other words, even if the Government had not filed an information under § 851, the Court would still have found Collins to be a career offender, and the 264-month sentence that was

---

[1]     After he was sentenced in this matter, Collins filed a pro se motion challenging the constitutionality and legality of his 1993 and 1998 convictions and sentences, apparently in an effort to evade designation as a career offender.  The Court denied the motion.  *See* Order of June 21, 2012, ECF No. 35.

imposed would still have fallen comfortably within the unenhanced statutory range of five to forty years imprisonment.

With that said, the increase in the statutory sentencing range precipitated by the Government's § 851 Information did have some effect on the calculation of Collins' advisory guidelines range as a career offender under § 4B1.1(b). With the enhanced statutory maximum sentence of life imprisonment, and with a three-point reduction for acceptance of responsibility, Collins' adjusted offense level under § 4B1.1(b) was 34. With that career offender provision mandating a criminal history category of VI, Collins' guidelines range was 262-327 months. But, without the Government's § 851 Information, the unenhanced statutory maximum of forty years imprisonment would have produced an adjusted offense level of 31. With a criminal history category of VI, Collins' advisory guideline range would, in that scenario, have been 188-235 months.

But whatever effect the Government's § 851 enhancement may have had on Collins' sentence by way of its impact on his advisory guidelines range, the Court may not reach the merits of his challenge to this sentencing scheme in these § 2255 proceedings because it has been procedurally defaulted. Collins did not raise any claim at all regarding the Government's § 851 enhancement at any time either in his sentencing proceedings or in his appeal to the Eighth Circuit Court of Appeals. It is well-established that "[c]ollateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal," and "even constitutional" attacks on a sentence "should be made at trial and on direct appeal." *United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995) (citations omitted).

Exceptions to this general rule are available where the § 2255 movant can show either cause for the procedural default and prejudice resulting from it, or that he is actually innocent.

*Bousley v. United States*, 523 U.S. 614, 621 (1998). But while Collins' motion papers contain allusions to both of these exceptions, he can make neither showing here.

First, Collins suggests that his challenge to § 851 enhancements is dependent upon "new evidence" that is discussed in the *Young* decision – namely, data on the Government's use of § 851 nationwide that was gathered by the United States Sentencing Commission for its 2011 report to Congress on "Mandatory Minimum Penalties in the Federal Criminal Justice System." *See Young*, 960 F. Supp. 2d at 892-94. Indeed, the argument Collins offers in support of his Eighth Amendment claim here does parrot the *Young* court's treatment of that data.

However, Collins' reliance on the *Young* court's analysis, even if it was not available to him at the time of his sentencing,[2] does not excuse his failure to assert his claim in the district court proceedings or on direct appeal. The Supreme Court in *Bousley* made clear that the cause and prejudice exception to a procedural default may be satisfied where the § 2255 movant's claim "is so novel that its legal basis [was] not reasonably available to counsel" at sentencing or on direct appeal, but not where the claim was available to the movant but not raised. 523 U.S. at 622-23 (citing *Reed v. Ross*, 468 U.S. 1, 16 (1984) and *Engle v. Isaac*, 456 U.S. 107, 102 (1982)). Collins' claim was clearly available to him in his sentencing proceedings and on direct appeal. Whatever the implications the *Young* court's analysis could have for a challenge to § 851 enhancements – and it is notable that, despite its criticisms, that court itself did not conclude that the scheme is unconstitutional, *see* 960 F. Supp. 2d at 903 (concluding that, because "Congress has delegated § 851 enhancement decisions exclusively to federal prosecutors, . . . federal district and appellate court judges are powerless to do anything but complain about [their] arbitrary application") – there is no question that such challenges are not novel. *See, e.g., United*

---

[2] *Young* is a district court sentencing decision that issued in August of 2013 – after Collins was sentenced, but several months *before* his direct appeal was rejected by the Eighth Circuit.

*States v. LaBonte*, 520 U.S. 751, 761-62 (1997) (rejecting argument "that if the Government provides notice under § 851(a)(1) to one defendant, but not to another, the resulting difference in the maximum possible term is an 'unwarranted disparity'"); *United States v. Gordon*, 953 F.2d 1106, 1107 (8th Cir. 1992) (rejecting Eighth Amendment disproportionality argument as meritless in light of Supreme Court's approval of a "life sentence for a first offense of cocaine possession" in *Harmelin v. Michigan,* 501 U.S. 957 (1991) where defendant's career offender "guideline sentence range beg[an] at 262 months").  In short, Collins offers no colorable reason why he could not have asserted his challenge to § 851 sentencing enhancements either during his sentencing proceedings or on direct appeal, and none is evident.

With that said, the failure by defense counsel to make an available argument on behalf of a defendant could in some circumstances rise to the level of ineffective assistance of counsel, which itself "may constitute cause and prejudice to overcome a procedural default." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (citation omitted).  However, nowhere in his extensive motion papers does Collins fault his counsel, at either the district court or appellate levels, for failing to mount a challenge to the constitutionality or legality of his sentence based on the enhancement of the statutory minimum and maximums worked by the Government's § 851 Information.  The absence of any allegation of ineffectiveness in this regard is particularly stark in light of Collins' detailed claim that he received ineffective assistance of counsel in relation to his asserted cooperation with authorities, which is discussed in Section II below.

Second, regarding the actual innocence exception to the procedural default rule, Collins indicates in his motion papers that he would testify at an evidentiary hearing that he "had been mislead [sic] as to the contents of the packaged [sic] he agreed to take to the Arizona FedEx, and thus, lacked the requisite mens rea necessary to establish guilt."  This is unavailing for at least

two reasons. First, any claim by Collins that he was unaware that the package he sent from Arizona contained cocaine and marijuana is directly contradicted by his unequivocal admission in the plea agreement he signed and submitted to the Court that he "knew the substances he brought to the FedEx on September 2, 2010 contained cocaine and marijuana," as well as by the statements he made under oath during his Change of Plea hearing affirming that he "knew at the time that the box [he] sent on September 2nd in that Fed Ex in Arizona contained cocaine and marijuana" and that he "acted voluntarily . . . and . . . knew [his] actions violated the law." While Collins does separately argue in his motion that he would not have pled guilty under the terms contained in the plea agreement if he had received effective assistance of counsel with respect to his asserted cooperation with authorities, such a claim of "legal innocence" does nothing in these circumstances to undermine the veracity of his repeated admissions of his factual guilt. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994) (explaining that a "claim that [a defendant's] guilty plea was induced by his constitutionally ineffective counsel is a claim of legal innocence rather than factual innocence" and does not satisfy the "actual innocence" exception to procedural default).

In addition, the Indictment charged Collins with "unlawfully, knowingly and intentionally conspir[ing] with others" to distribute cocaine and marijuana "[f]rom in or about June 2010 through on or about September 3, 2010 . . . ." Collins acknowledged in the plea agreement and at the Change of Plea hearing that he admitted to law enforcement on September 3, 2010 that, since June of that year, he had "participated in multiple previous and similar

8

transactions involving [the same] drug source in Arizona, wherein controlled substances were delivered to the State and District of Minnesota [and d]rug proceeds from those transactions were delivered via U.S. Mail from Minnesota to his co-conspirators in Arizona." What's more, the Presentence Investigation Report – to which Collins did not object and which the Court adopted – recounts Collins' disclosure to the Probation Officer that he "flew to Arizona and shipped drugs to Minnesota on three occasions." Collins does not deny here that he engaged in this broader course of conduct with these co-conspirators in Arizona between June and September of 2010. That conduct supplies a sufficient factual basis for his conviction even if his conclusory profession of ignorance as to the contents of the box he shipped on September 2 were not foreclosed by the record.

There is thus no basis to excuse Collins' procedural default. The claims Collins presents under the heading of the Eighth Amendment are therefore denied without an evidentiary hearing.

## II. Fifth and Sixth Amendments and cooperation.

However, Collins' Fifth and Sixth Amendment claims, on which he argues that his guilty plea was invalid as the byproduct of the ineffective assistance of counsel in his district court proceedings, will require an evidentiary hearing to resolve. *See Massaro v. United States*, 538 U.S. 500, 509 (2003) ("We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."); *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (noting that a "claim attacking the validity of a guilty plea, and therefore the underlying sentence, is properly entertained in a § 2255 petition before the sentencing court") (citation omitted). *See also Hill v. Lockhart*, 474 U.S. 52, 56 (1995) ("Where, as here, a defendant is represented by counsel during

the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.") (internal quotation omitted).

Those claims revolve around Collins' assertions that, before being charged in this matter, he reached a verbal cooperation agreement with law enforcement officers on September 3, 2010, as well as a written cooperation agreement with the United States Attorney's Office on October 1, 2010; that he provided substantial assistance to the authorities as those agreements required; and that he did not breach the agreements by committing any further criminal acts. Collins is not clear in his motion papers regarding what was promised to him in exchange for his cooperation, suggesting variously that he was not to be prosecuted, that he would receive "no jail time," and/or that he would be otherwise "credited" for his cooperation. In any event, Collins faults his attorney for uncritically accepting the Government's position that Collins breached the written agreement and for not pressing to hold the Government to its end of the bargain. Collins contends that these failures led him to plead guilty in accordance with a plea agreement that exposed him to being sentenced as a career offender, without the benefit of a Government motion for a downward departure.

In opposing this aspect of Collins' motion and urging that it be denied without an evidentiary hearing, the Government cites at some length the explanation of these issues that it offered to the Court at Collins' sentencing. According to the Assistant United States Attorney's comments in that hearing, Collins attempted to initiate cooperation when he was confronted by law enforcement on September 3, 2010 with evidence that he had shipped the FedEx package containing marijuana and cocaine from Arizona to Minnesota the day before. Ultimately, a written cooperation agreement between Collins and the U.S. Attorney's Office was finalized on

October 1, 2010. The Assistant United States Attorney did not specify during sentencing what the Government promised to Collins in exchange for his cooperation, but contended that Collins had breached the agreement by committing additional criminal acts on November 8, 2010.

This version of events was offered by the Assistant United States Attorney as argument prior to the pronouncement of sentence, in response to the suggestion by Collins' counsel that his past cooperation should be considered as a mitigating factor. The Government, however, has made no factual record that would contradict the assertions Collins makes in his § 2255 motion.[3] The Government identifies no evidence that would refute Collins' contention that a verbal cooperation agreement was reached on September 3, 2010; has not submitted or even described the material terms of the written cooperation agreement that was reached on October 1, 2010; and has not substantiated its position that Collins breached that written cooperation agreement by committing additional criminal acts on November 8, 2010.[4]

As these and other issues of fact are directly relevant to the resolution of Collins' Fifth and Sixth Amendment claims, an evidentiary hearing is required.[5] The Office of the Federal

---

[3] In addition to the comments that were made at Collins' sentencing hearing, the Government also points to the previously-submitted affidavit of Collins' former attorney. However, that affidavit indicates only that "Mr. Collins stated he wished to cooperate with law enforcement"; that an agreement was reached with the U.S. Attorney's Office by which "Mr. Collins would remain at liberty and cooperate with the government"; that Collins was subsequently arrested after "information was provided to the U.S. Attorney's Office that [he] was continuing to buy and sell narcotics"; and that the Government thereafter refused Collins' efforts to cooperate. None of these statements are necessarily inconsistent with Collins' account of his cooperation.

[4] The Government was prepared to present evidence on the latter point at Collins' sentencing hearing through the testimony of a law enforcement agent, but it was not heard.

[5] This hearing will not encompass Collins' allegation that the attorney who represented him in his direct appeal was constitutionally ineffective for failing to raise with the Eighth Circuit the claims arising from his asserted cooperation with authorities. As those claims cannot be resolved on the record of Collins' district court proceedings and are cognizable in these §

Defender is appointed to represent Collins in these proceedings. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (discussing the district court's discretion to appoint counsel for an indigent § 2255 petitioner under 18 U.S.C. § 3006A(a)(2) where doing so "would benefit the petitioner and the court to such an extent that 'the interests of justice so require'"); Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. Collins' counsel is directed to contact chambers to schedule the evidentiary hearing within six weeks of the date of this order.

Finally, Collins has filed a Motion for Prospective Relief, ECF No. 104, seeking an "injunctive order . . . [t]hat the United States have no ex parte, or unsupervised communications with any of the potential witnesses in this case without this Court's supervision and prior written approval, especially [his] former defense attorney" whose representation is the subject of the Fifth and Sixth Amendment claims on which the evidentiary hearing will be conducted.

As the Court has previously determined,

> [i]t is well settled that a defendant who attacks the competence of his attorney in a proceeding waives the attorney-client privilege. *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). . . . [Collins' former defense attorney] does not currently represent Defendant. Moreover, Defendant has waived his attorney-client privilege by challenging his former counsel's communication and effectiveness, and Defendant's position with regard to counsel is now adversarial.

Order of Oct. 11, 2012 at 2, ECF No. 47. This remains the case. Collins' Motion for Prospective Relief is therefore denied.

---

2255 proceedings, it was objectively reasonable to omit them from the direct appeal, and that omission has caused Collins no prejudice. *See, e.g., United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (declining to consider defendant's argument that his guilty plea was invalid due to ineffective assistance of counsel on direct appeal because "the record is not sufficiently developed to let us pass on the merits" of the claim); *United States v. Triplett,* 104 F.3d 1074, 1083 (8th Cir. 1997) (declining to adjudicate ineffective assistance claim on direct appeal where "no record was made in the District Court" concerning the issues underlying the claim).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Office of the Federal Public Defender is APPOINTED to represent Defendant.

2. Counsel for Defendant shall contact chambers to schedule an evidentiary hearing within six weeks of the date of this order.

3. Defendant's Motion for Prospective Relief [ECF No. 104] is DENIED.

Dated: April 13, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge